*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-1310**

State of Minnesota,
Respondent,

vs.

Larondo Connell Willis,
Appellant.

**Filed July 6, 2026**
**Affirmed**
**Schmidt, Judge**

Hennepin County District Court
File No. 27-CR-24-7029

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Matthew D. Hough, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jenna Yauch-Erickson, Assistant Public Defeder, St. Paul, Minnesota (for appellant)

Considered and decided by Schmidt, Presiding Judge; Smith, Tracy M., Judge; and Beane, Judge.

**NONPRECEDENTIAL OPINION**

**SCHMIDT**, Judge

Appellant Larondo Connell Willis argues that his conviction for second-degree intentional murder should be reversed because the district court abused its discretion by

removing a juror from the panel on the last day of trial. Willis also argues that this error was structural and requires a new trial without a showing of prejudice. We affirm.

## FACTS

Respondent State of Minnesota charged Willis with second-degree intentional murder for killing his cousin. During jury selection, a prospective juror ("Juror 18") stated her belief that she and Willis attended school together as children. The district court asked Juror 18 if she had "either a positive or negative association with [Willis]." Juror 18 said she had "no association" with Willis. Juror 18 also told the district court that her ability to neutrally assess the evidence presented would not be affected by her belief that she attended school with Willis. Juror 18 was empaneled and sworn as a juror.

On the penultimate day of trial, Juror 18 told the district court's law clerk that she was concerned for her safety and afraid of possible retaliation for being a member of the jury. Juror 18 said these concerns would be on her mind during deliberation. The law clerk reported the interaction to the judge.

Before trial began on the last day, the district court held an off-the-record chambers conference to discuss Juror 18's statements. Following the chambers conference, the district court went on the record and the state moved to strike Juror 18 for cause. Over defense counsel's objection, the district court granted the state's motion, ruling:

> And I agree that there is perhaps not a realistic fear, but, nonetheless, there is an expressed fear and it was expressed with some emphasis, I would say. And so whether or not there is any—anything realistic about that fear, I am concerned that it will impact her ability to fairly decide the issue, without substantial prejudice to one party or the other.

2

> I don't know which way that falls, but I—based on that, I am not confident that she can decide the case impartially. And so I will allow her to be struck for cause.

Counsel did not question Juorr 18 regarding her concerns and neither party requested that the district court question her. The district court dismissed Juror 18 as the alternate so as not to alert the remaining jurors of her reported concerns.

The jury—without Juror 18 deliberating—found Willis guilty of second-degree intentional murder. The district court sentenced Willis to 475 months in prison.

Willis appeals.

## DECISION

Willis argues that he is entitled to a new trial because the district court abused its discretion by removing Juror 18. We review a district court's decision to excuse a juror for an abuse of discretion. *State v. Manley*, 664 N.W.2d 275, 285 (Minn. 2003). "A [district] court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *State v. Glover*, 4 N.W.3d 124, 134 (Minn. 2004) (quotation omitted).

Willis offers compelling arguments about his right to have his case presented to the jury of his choice. First, Willis argues that the district court lacked the authority to remove Juror 18 because "for cause" removals may only occur during jury selection. Next, Willis contends that the district court abused its discretion by removing Juror 18 based upon such a limited record. We address each argument in turn.

3

## A.	The district court had the authority to remove Juror 18.

Willis argues that the district court exceeded its authority by removing Juror 18 "for cause" because Minnesota Rule of Criminal Procedure 26.02 authorizes such removals only during jury selection. We conclude that the removal of Juror 18 fell within the district court's broad discretion.

After learning of Juror 18's concerns, the district court held a chambers conference to discuss the issue with the prosecutor and defense counsel. After that un-transcribed conference, the district court allowed the parties to make a brief record, during which the state moved to remove Juror 18 "for cause." Willis objected. The district court detailed its reasoning and then allowed Juror 18 "to be struck for cause."

The authority to remove a juror "for cause" is found in Minnesota Rules of Criminal Procedure 26.02. Rule 26.02 authorizes removal "for cause" when "[t]he juror's state of mind—in reference to the case or to either party—satisfies the [district] court that the juror cannot try the case impartially and without prejudice to the substantial rights of the challenging party." Minn. R. Crim. P. 26.02, subd. 5(1)1. This procedure is only available, however, during jury selection. *See id.*, subd. 5(2) (noting that a challenge for cause must be made before a juror—or for good cause the entire jury—is sworn to try the case).

Although we agree with Willis that a "for cause" removal cannot be invoked after the jury panel has been sworn, we do not construe the district court's ruling as invoking its authority to remove Juror 18 only under rule 26.02. Instead, the district court's authority to remove Juror 18 lies within its broad discretion to remove a seated juror from the panel whenever it finds that a juror cannot be impartial.

In *Manley*, the Minnesota Supreme Court afforded "great deference" to a trial court removing a juror. 664 N.W.2d at 284. It afforded that deference even though the removal occurred after the jury was sworn and trial commenced. *Id.* The supreme court reasoned that trial courts are "responsible for ensuring that the trial proceedings are fair." *Id.* And it explained that it is appropriate for judges to address circumstances that "arise during trial that raise concerns about the fairness of the proceedings[.]" *Id.*

A juror's inability to remain impartial unquestionably raises concerns that implicate the fairness of the proceedings that a judge must address. A defendant in a criminal case has a constitutional right to an impartial jury. U.S. Const. amend. VI; Minn. Const. art. I, § 6. "Because the impartiality of the adjudicator goes to the very integrity of the legal system, . . . the bias of a single juror violates the defendant's right to a fair trial." *State v. Evans*, 756 N.W.2d 854, 863 (Minn. 2008) (quotations omitted). Indeed, the bias of even a single juror so fundamentally infects the integrity of the proceedings that the error is deemed structural and requires an automatic new trial without the need to consider prejudice to the defendant. *State v. Fraga*, 864 N.W.2d 615, 623 (Minn. 2015).

In a recent decision, the Minnesota Supreme Court again emphasized the responsibility of district courts to protect a defendant's right to an impartial jury. In *State v. Nyonteh*, the supreme court held:

> In deciding whether to excuse a seated juror during trial for sleeping—or for another reason related to the juror's ability to fairly serve—a district court must exercise its discretion. In exercising that discretion, a district court should consider our procedural rule that requires jurors to be "[a]ble to render satisfactory jury service." Minn. Gen. R. Prac. 808(b)(5). A district court should also be mindful in criminal cases that, "[i]f

5

> a juror becomes unable to serve, an alternate juror must replace that juror." Minn. R. Crim. P. 26.02, subd. 9. Most importantly, we emphasize that a district court must ensure that every trial is fair. When concerns arise about the ability of a seated juror to render satisfactory jury service, and those concerns implicate the fairness of a trial, it is appropriate for the district court to exercise its discretion to address those concerns.

24 N.W.3d 271, 281-82 (Minn. 2025) (citation omitted).

The district court's decision to excuse Juror 18 was consistent with *Nyonteh*. The concern about Juror 18's ability to render satisfactory jury service implicated the fairness of the trial. The district court had the authority to remove Juror 18 under its inherent responsibility to "ensure that every trial is fair." *Id.*

**B.     The district court did not abuse its discretion by excusing Juror 18 based upon this record.**

Willis also argues that the district court abused its discretion by excusing Juror 18 because the record contains "extremely limited" information about the juror's ability to remain impartial. We disagree.

"Actual bias is a question of fact, which the district court is in the best [position] to evaluate." *Evans*, 756 N.W.2d at 870 (citation omitted). Accordingly, an appellate court's "review of the district court's determination of juror impartiality is especially deferential." *State v. Munt*, 831 N.W.2d 569, 576 (Minn. 2013); *see also State v. Ulrich*, 3 N.W.3d 1, 6-7 (Minn. 2024) ("The reason [appellate courts] give deference [on questions of juror impartiality] is that a district court is best positioned to judge a juror's demeanor, as opposed to an appellate court's review of a cold record.").

Here, Juror 18 expressed concerns about her safety and possible retaliation and communicated that these concerns would be on her mind during deliberations. The district court noted that Juror 18 had expressed this fear "with some emphasis[.]" Based upon those circumstances, the district court was concerned about Juror 18's "ability to fairly decide the issue" and ultimately the court was left with no confidence "that she can decide the case impartially." Based upon the record before us, we discern no abuse of discretion, and we defer to the district court's findings on the question of a juror's impartiality. *Munt*, 831 N.W.2d at 576; *Ulrich*, 3 N.W.3d at 6; *Manley*, 664 N.W.2d at 285.

Willis contends that the district court should have questioned Juror 18 about whether she could remain impartial. But the district court is in the best position to determine whether a juror will remain impartial. *Ulrich*, 3 N.W.3d at 6-7. Our "review of a cold record" for example, does not reveal the emphasis with which Juror 18 expressed her concerns, which was noted by the district court. *Id.* at 7. In addition, the supreme court has recognized that a judge has "no obligation" to attempt to rehabilitate a juror before excusing them. *Manley*, 664 N.W.2d at 285. Thus, we defer to the district court's exercise of its broad discretion in excusing Juror 18.[1]

**Affirmed.**

---

[1] We note that the district court appropriately replaced Juror 18 with an alternate juror. *See Nyonteh*, 24 N.W.3d at 282 (citing Minn. R. Crim. P. 26.02, subd. 9).